## Supreme Council of the Royal Arcanum v. Martha Urban.

### Gen. No. 13,518.

FRATERNAL BENEFIT SOCIETY—*by-law with respect to proscribed occupations, construed.* A by-law which excludes from benefits the beneficiaries of a member who is "a barkeeper or other person who sells or serves intoxicating liquors" does not exclude one who is engaged in the business of selling intoxicating liquors without himself selling or serving them.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed December 2, 1907.

H. H. C. MILLER and C. G. LITTLE, for appellant.

A. D. GASH, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellee sued appellant on a benefit certificate issued to her brother, August Charles Klafta, for her benefit, insuring her brother's life in the sum of one thousand dollars. The declaration is in the usual form in such cases and its sufficiency is not questioned. Annexed to the declaration is an affidavit of appellee's agent that the amount due, after allowing all just credits, deductions and set-offs, is $1,025.

Appellant pleaded the general issue and a special plea. It is averred in the special plea that the application of August Charles Klafta, deceased, for membership in the appellant association was made a

part of the contract with him, and that in said application he agreed that he would conform to and abide by the constitution, laws, rules and usages of the order then in force or which might thereafter be adopted. It is then averred as follows:

"The defendant further avers that section 272 of the general laws of the defendant, governing the supreme, grand and subordinate councils and members, entitled, 'Proscribed Applicants and Occupations,' which was in force during the year 1903, and continued in force until the death of the said August Charles Klafta, provided as follows:

" 'Sec. 272.   (1)   Applications shall not be received from the following classes of persons:

" '(2)   A barkeeper or other person, who at any time sells or serves intoxicating liquors to be drunk on the premises; provided that employees other than barkeepers or bar attendants of restaurants or hotels who do not sell but who may serve intoxicating liquors may be eligible upon the approval of the medical examiner-in-chief; but such approval must be based upon a written statement signed by the applicant attached to and made a part of the application and medical examination giving a full description of his employment and the duties thereof, and any omission of facts from such statements shall annul and void this benefit certificate.

" '(3)   A salesman of liquor at wholesale; provided that such salesman, and an owner or proprietor of a hotel or restaurant, who does not personally serve or sell intoxicating liquors, may be eligible upon the approval of the medical examiner-in-chief.' "

Then follows a list of thirteen descriptions of persons ineligible to membership, after which it is averred that paragraph 1 of section 272a of the general laws of appellant was adopted after August C. Klafta became a member, and was in force during 1893, and continued in force till Klafta's death, which paragraph provides as follows:

"A member who, during the first five years of his membership, shall enter upon or become engaged in a proscribed occupation, shall thereby and thereupon stand suspended from all rights and privileges in the order, cease to be in good standing, forfeit all rights and privileges of membership, and in his benefit certificate, which shall be void and no assessment or dues shall be received from him thereafter.

"And the defendant further avers that said August Charles Klafta did, on,. to wit, on or about the month of July, A. D. 1903, in violation of said section 272a, and in violation of the contract existing between him, the said August Charles Klafta, and the defendant, engage in the business of selling intoxicating liquors, to be drunk on the premises, in Chicago, Cook county, Illinois, and that the time within which he so engaged in the proscribed business of selling intoxicating liquors, to be drunk on the premises, was less than five years after his admission to the defendant order, and while the said provisions in respect to entering upon a proscribed occupation by a member was in full force and effect, and continued to be so engaged up to the time of his death.

"And the defendant further avers that the said August Charles Klafta neglected and omitted to inform the defendant of the fact of his becoming engaged in such proscribed occupation, and the same was not known to the defendant until after the death of the said August Charles Klafta, but that the defendant was at all times, prior to the death of the said August Charles Klafta, ignorant of the same, and of the fact that he had become engaged in the business of selling intoxicating liquor, to be drunk on the premises, and this the defendant is ready to verify," etc.

Appellee demurred generally and specially to the special plea. The special grounds of demurrer are as follows:

"Plaintiff says that said plea does not set forth and allege what a proscribed occupation is, or what are

the proscribed occupations; and said plea does not set forth that the said August Charles Klafta was a bartender or other person who at any time sold intoxicating liquors to be drunk on the premises, that is to say, that it does not allege that he sold intoxicating liquors or served the same, and that the allegation that he was engaged in the business of selling intoxicating liquors does not, of itself, signify that he sold or served intoxicating liquors.''

On appellant's motion the court permitted appellant to withdraw its plea of the general issue, and after argument of the demurrer to the special plea, the court sustained the demurrer, and the appellant electing to stand by its special plea, the court rendered judgment in favor of appellee and against the appellant for the sum of $1,099. The question to be determined is whether the plea does or not present a good defense to the action. The only language in paragraph 1 of section 272 relied on or which can be relied on by appellant, is this:  ''A barkeeper or other person, who at any time sells or serves intoxicating liquors to be drunk on the premises.'' The averment of what is claimed to have been a violation of the paragraph is, ''that said August Charles Klafta did on, to wit, on or about the month of July, A. D. 1903, in violation of said section 272a, and in violation of the contract existing between him, the said August Charles Klafta, and the defendant, engage in the business of selling intoxicating liquors to be drunk on the premises, in Chicago, Cook county, Illinois, and that the time within which he so engaged in the proscribed business of selling intoxicating liquors, to be drunk on the premises, was less than five years after his admission to the defendant order, and while the said provisions in respect to entering upon a proscribed occupation by a member were in full force and effect.'' The language, '' A barkeeper or other person who sells or serves intoxicating liquors,'' can only mean a barkeeper who sells or serves, or other person who sells

or serves, and it is not averred in the plea that August Charles Klafta sold or served intoxicating liquors; but only that he engaged in the business of selling intoxicating liquors. Manifestly one may be engaged in the business of selling intoxicating liquors, without himself selling or serving them, and this is recognized by section 272, which provides that "an owner or proprietor of a hotel or restaurant, who does not personally serve or sell intoxicating liquors, may be eligible, upon the approval of the medical examiner-in-chief." Such a one is certainly engaged in the business of selling and serving intoxicating liquors, and is liable to pay a license fee for the privilege of so engaging.

The latter provision also indicates that the only persons intended by the section are persons who personally sell or serve intoxicating liquors. The consequence of, or rather the punishment for, a violation of section 272a, is extremely harsh, viz., the forfeiture of all rights and privileges of membership in the order, and, therefore, the section should, as we think, be construed strictly, as in the case of a penal statute. The plea presents no valid defense to the action, and the court properly sustained the demurrer.

The judgment will be affirmed.

*Affirmed.*